UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| RYAN C. HARDIN AND<br>ROBERT J. HARDIN | CIVIL ACTION |
| VERSUS | NO: 17-2132 |
| FOREST RIVER, INC.,<br>SOUTHERN RV, LLC, AND<br>BANK OF THE WEST | SECTION: "H"(4) |

## ORDER AND REASONS

Before the Court is Forest River, Inc. and Southern RV, LLC's Motion to Dismiss (Doc. 7), which Bank of the West joins (Doc. 18). For the following reasons, Defendants' Motion to Dismiss is DENIED

## BACKGROUND

On October 9, 2014, Plaintiffs Ryan C. Hardin and Robert J. Hardin purchased a new 2014 Forest River Cardinal recreational vehicle from Defendant Southern RV. The RV was manufactured by Defendant Forest River. The sales contract was assigned to Defendant Bank of the West. Plaintiffs allege that, when delivered, the RV was defective, but the defects

1

were unknown to them. Plaintiffs contend that the defects were discovered within the warranty periods and that the Defendants were notified of the defects. Plaintiffs further allege that, despite giving the Defendants the opportunity to repair the RV, Defendants failed to do so and the RV continues to exhibit defects, which substantially impaire the use, value, and safety of the RV. Plaintiffs seek damages and request rescission of the sales contract and cancellation of the debt.

Plaintiffs bring claims for (1) violations of the Louisiana redhibition laws, (2) lender liability, (3) violation of the Magnuson-Moss Warranty Act, and (4) negligent repair. Defendants now move to dismiss Plaintiffs' claims for violations of the Louisiana redhibition laws and violation of the Magnuson-Moss Warranty Act for failure to state a claim upon which relief can be granted.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[1] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[3] The Court need not, however, accept as true legal conclusions couched as factual allegations.[4]

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[2] *Id.*
[3] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[4] *Iqbal*, 556 U.S. at 667.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[5] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[6] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[7]

## LAW AND ANALYSIS

Defendants move to dismiss Plaintiffs' claims for violation of redhibition laws and the Magnuson-Moss Warranty Act. Defendants argue that the redhibition and the Magnuson-Moss Warranty Act claims are prescribed on the face of the complaint. Defendants further argue that the RV was not subject to a warranty at the time the complaint was made to support a Magnuson-Moss Warranty Act claim, and that the Plaintiffs have failed to allege sufficient facts to support a Magnuson-Moss Warranty Act claim. Defendants have not moved to dismiss Plaintiffs' claims for lender liability and negligent repair.[8] This Court will address each of Defendants' arguments for dismissal in turn.

### A. Redhibition Claim

Defendants argue that the redhibition claim is prescribed. Generally, the party asserting prescription has the burden of proof.[9] Louisiana Civil Code article 2534 governs prescription of a redhibition action and provides that an

---

[5] *Id.*
[6] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[7] *Lormand*, 565 F.3d at 255–57.
[8] This reference is included to address Plaitniff's perplexing briefing on these issues.
[9] *Titus v. IHOP Rest., Inc.*, 25 So.3d 761, 764 (La. 2009).

3

action against a seller who did not know of the existence of a defect prescribes in four years from delivery or in one year from the buyer's discovery of the defect, whichever occurs first, and that an action against a seller who knew, or is presumed to have known, of the existence of a defect prescribes in one year from the buyer's discovery of the defect.[10] Because the Plaintiffs' discovery of the defect occurs first, the Court does not need to consider whether the Defendants knew of the defect. Here, the one year prescriptive period begins running from the time that the Plaintiffs discovered the defect.

Plaintiffs' complaint does not specify the date the defects were discovered by Plaintiffs and only states that defects existed at the time of the sale and that they were discovered sometime after delivery. As Plaintiffs' claim is not prescribed on the face of their complaint, the burden is on Defendants to show that the claim is prescribed. Defendants have provided evidence of a complaint made by Plaintiffs on February 5, 2016. Plaintiffs have provided evidence that they delivered the RV for repairs for water damage in January 2016. From the evidence submitted, the prescriptive period began to run, at the earliest, in January 2016 and would therefore have expired in January of 2017, absent interruption. This action was not filed until March 14, 2017.

There is an exception, however, to the prescriptive period provided for redhibition claims. Article 2534 provides "prescription is interrupted when the seller accepts the thing for repairs and commences anew from the day he tenders it back to the buyer."[11] Plaintiffs have provided evidence that, in January 2016, Defendants were willing to repair the defects and that the RV was sent to the factory for repairs and later returned to Plaintiffs on July 26,

---

[10] La. Civ. Code art. 2534.
[11] *Id.*

4

2016. As a result, prescription was interrupted and commenced anew on July 26, 2016. Additionally, the RV was again accepted for repairs on November 15, 2016 and has not been tendered back to the Plaintiffs. As a result, prescription was again interrupted and remains interrupted until the RV is tendered back to the Plaintiffs. Accordingly, this Court finds that Plaintiffs' redhibition claim has not prescribed.

**B. Magnuson-Moss Warranty Act Claim**

Defendants argue that the Magnuson-Moss Warranty Act claim is prescribed. The Magnuson-Moss Warranty Act does not contain a limitations period, so courts look to analogous state law to determine the applicable limitation period.[12] Here, the analogous claim is a breach of warranty claim, which is brought in redhibition in Louisiana.[13] The prescriptive period provided by article 2534 is therefore applicable here, and for the reasons stated above this Court finds that Plaintiffs' Magnuson-Moss Warranty Act claim has not prescribed.

Alternatively, Defendants argue that the RV was not subject to a warranty and that the plaintiffs have not alleged sufficient facts. The Magnuson-Moss Warranty Act creates a statutory cause of action for consumers "damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation [imposed by the Act] or [established by] a written warranty, implied warranty, or service contract."[14] The Act also states "implied warranties may be limited in duration to the duration of a

---

[12] *Naquin v. Berryland Campers, LLC*, No. 14-2133, 2014 WL 6981944, at *3 (E.D. La. Dec. 9, 2014).
[13] *Id.*; *Ford Motor Credit Co. v. Bower*, 589 So.2d 571, 573 (La. Ct. App. 1991).
[14] *Walton v. Rose Mobile Homes LLC*, 298 F.3d 470, 474 (5th Cir. 2002) (quoting 15 U.S.C. § 2310(d)(1)).

5

written warranty of reasonable duration, if such limitation is conscionable and is set forth in clear and unmistakable language and prominently displayed on the face of the warranty."[15]

Plaintiffs purchased the RV on October 9, 2014 with a limited warranty for a period of one year from the date of purchase. Though Defendants argue that the evidence indicates that the complained-of defects were discovered outside the warranty period, Plaintiffs allege the RV was defective and the defects were discovered within the warranty period. At this stage in the proceedings, the Court must accept as true the factual allegations of Plaintiffs' Complaint. If, after discovery, it is clear that the complained-of defects did indeed manifest outside the warranty period, Defendants may move for summary judgment on that issue. At this time, however, dismissal of Plaintiffs' claims is not warranted.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED.

New Orleans, Louisiana this 2nd day of August, 2017.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[15] 15 U.S.C. § 2308.